MABEL L. HAGELIN, RESPONDENT, v. GODFREY LEHMANN AND PAULINE LEHMANN, HIS WIFE, APPELLANTS.

Argued May 29, 1924—Decided October 20, 1924.

A contract for the sale of real estate provided for a conveyance free and clear of all encumbrances, but also provided that the rents of a portion of the premises should be apportioned as of the day of passing title. The vendee refused to take title because the vendor would not make an affidavit that there were no leases on the premises, and sued to recover the deposit and search fees. *Held*, that the vendee had knowledge, when she entered into the contract, of the fact that a part of the premises was occupied by tenants, and it was error to instruct the jury that she could recover the amount sued for because the vendor could not deliver the title free from encumbrances.

On appeal from the Hudson County Circuit Court.

For the appellants, *Marshall Van Winkle.*

For the respondent, *L. Edward Herrmann.*

The opinion of the court was delivered by

MINTURN, J. This is an appeal from the Hudson Circuit, from a judgment entered in favor of the plaintiff for $737. The action is based upon a contract for the sale of premises, in the city of Jersey City, which provided for the conveyance

of the property on May 1st, 1920, or sooner, at the option of the vendee, upon two weeks' notice in writing to that effect. The contract also provided for the conveyance of the premises free and clear of all encumbrances. It also provided that the rents of the second floor of the premises should be apportioned as of the day of passing title. The vendee, the plaintiff in this case, served the required two weeks' notice of his option, and the title was fixed to close at the office of Marshall Van Winkle, in Jersey City, on November 24th, 1919. Adjustments of the rents had been made, and the allowances calculated, both parties being represented by counsel. The vendee then demanded an affidavit of title for the purpose of showing that there were no leases on the premises. No provision in the contract required this affidavit, and it was refused. The vendee then refused to take the title on the ground that the premises were not free and clear owing to the lease of the second floor. The defendants tendered a full covenant warranty deed as required by the terms of the contract. With these preliminaries out of the way an action was brought by the plaintiff vendee, to recover the $500 deposit, and $125 for the search fees, with the accumulations thereon to the date of judgment.

The trial judge refused to grant a motion for nonsuit, and to direct a verdict, and these refusals are made the basis for the appeal, together with the charge of the court that if there was a tenant in possession of the upper floor of the building, and the vendor could not deliver a warranty deed for the premises, free from encumbrances due to that fact, the plaintiff could recover the amount sued for. There does not seem to be any doubt that the purchaser of the property knew at the time of the execution of the contract, that the second floor of the premises was occupied by tenants, and that she purchased with that fact in mind, since provision had been made in the contract for the adjustment of the rents from the date of the passing title in such eventuality. The charge in this respect manifestly left the jury no choice except to find for the plaintiff.

We think that this erroneous conception by the learned trial court, of the legal status of the parties, under the provisions of their contract, requires a reversal of the judgment.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, Clark, McGlennon, Kays, JJ. 16.